UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LIONEL FRANKLIN, TDCJ #01943237, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0009 |
| LORI DAVIS, | § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Lionel Franklin, Jr., an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition for habeas corpus for relief from a state court drug conviction. On January 24, 2018, after Respondent filed an Answer, the Court stayed and administratively closed the case to allow Petitioner to pursue relief in Texas state courts on his unexhausted claims (Dkt. 21). On April 27, 2018, Petitioner filed an amended petition (Dkt. 22) without seeking leave to amend or moving to re-open the proceedings. After considering the pleadings and filings, the applicable law, and all matters of record, the Court finds no adequate basis to re-open the case and **strikes** the amended petition for the reasons explained below.

I.  **BACKGROUND**

On July 2, 2014, Franklin was convicted in the 10th District Court of Galveston County, cause number 13-CR-0324, of possession of a controlled substance in a drug free zone, enhanced. He was sentenced to twenty years imprisonment and a $20,000 fine. Franklin appealed, arguing that the trial court's instructions to the jury on punishment

incorrectly stated the law regarding his eligibility for parole. On September 29, 2015, the Fourteenth Court of Appeals affirmed his conviction. *Franklin v. State*, No. 14-14-00559-CR, 2015 WL 5722597 (Tex. App.–Hou. [14th Dist.] 2015). He did not file a petition for discretionary review to the Texas Court of Criminal Appeals ("TCCA").

On March 27, 2016, Franklin filed a state application for a writ of habeas corpus, WR-85,912-01, regarding his 2014 conviction (Dkt. 14-27, at 4-24; SH06, at 1-21). He argued that he was entitled to habeas relief because (1) officers searched his property without a warrant and without probable cause, in violation of the Fourth Amendment; (2) his trial counsel rendered constitutionally ineffective assistance when she failed to file motions for discovery, for inspection of evidence, for a hearing, or to challenge the search of his property; (3) his trial counsel failed to object to officers' testimony regarding the search; and, (4) officers who testified at his trial knowingly gave false testimony regarding the search and entry. Franklin's trial counsel filed a lengthy affidavit responding to the ineffective assistance of counsel claim (Dkt. 14-27, at 42-53; SH06, at 39-50). The trial court entered Findings of Fact and Conclusions of Law, denying all grounds for relief (Dkt. 14-27, at 90-92; SH-06, at 87-89). On December 14, 2016, the TCCA denied the application without written order (Dkt. 14-22; SH-01).

On January 5, 2017, Franklin initiated this habeas action by filing a handwritten "notice of appeal" challenging his 2014 conviction. He later initiated a separate case, Civil Action No. 3:17-0148, by filing a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Dkt. 1 in Civil Action No. 3:17-0148) ("Petition"). The Court consolidated the cases into this case (Dkt. 9). Franklin's Petition

seeks federal habeas relief on the grounds that (1) his conviction was based on evidence from a search that violated his Fourth Amendment rights; (2) his trial attorney rendered ineffective assistance of counsel regarding his Fourth Amendment claim; (3) his trial attorney rendered ineffective assistance of counsel when she failed to make proper objections, and to adequately litigate motions to suppress evidence, to identify the informant, to dismiss the indictment, and for speedy trial; (4) officers who testified at trial for the prosecution gave testimony that was false or perjured.

On October 25, 2017, Respondent answered and provided the state court records (Dkt. 13, 14). The Answer included Respondent's assertion that Franklin had not exhausted his state court remedies for two parts of his ineffective assistance of counsel claim, as required by 28 U.S.C. § 2254(b) & (c), and that those claims are barred under the doctrine of procedural default because any attempt to return to state court for collateral review would be an impermissible successive writ. Respondent argued that the remaining habeas claims were without merit. Franklin moved the Court for a stay while he pursued state habeas relief on his unexhausted claims, which the Court granted on January 24, 2018 (Dkt. 21). The Court instructed Franklin to file his state habeas application within forty-five days, and to move to re-open these proceedings within thirty days of the TCCA's decision.

TCCA's public online records indicate that it received a habeas application from Franklin on March 26, 2018, WR-85,912-02. On April 4, 2018, the TCCA dismissed the application without written order for non-compliance with Texas Rule of Appellate Procedure 73.1.

On April 27, 2018, Franklin filed his amended petition (Dkt. 22) in this Court, referring to state habeas proceedings in WR 85,912-02.[1] Franklin did not seek the Court's leave to file the amended petition, and has not moved the Court to re-open these habeas proceedings. The amended petition brings claims that (1) the indictment in his case was multiplicitous and violated the prohibition against double jeopardy; (2) law enforcement officers violated his Fourth Amendment rights when then entered his property without a warrant; (3) officers' custodial interrogation violated his Sixth Amendment rights; (4) his indictment was illegally enhanced with his prior murder conviction. These claims differ substantially from the ones in his original federal Petition.

## II. DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2241 *et seq*. The AEDPA requires a federal habeas petitioner to first present his habeas claims to the state courts. 28 U.S.C. § 2254(b)(1)(A) (federal habeas writ shall not be granted to a person in state custody "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (internal citation and quotation marks omitted). As stated above, Respondent asserts that Franklin

---

[1] In addition, on March 14, 2018, while this case was stayed, Franklin filed another federal habeas petition challenging the same 2014 conviction, which the Clerk docketed as Civil Action No. 3:18-0083. Civil Action No. 3:18-0083 has been consolidated with this case and administratively closed.

has not exhausted all of the grounds raised in his federal petition, in particular, his claims that he received ineffective assistance of counsel when his attorney failed to file a motion to dismiss the indictment and a motion for speedy trial (Dkt. 13, at 5).

After the Court stayed these proceedings, Franklin did file a state habeas application. However, the TCCA dismissed the application for non-compliance with Texas Rule of Appellate Procedure 73.1, which provides that an application for state habeas relief must be filed on the form prescribed by the TCCA. TEX. R. APP. P. 73.1(a). A dismissal of an application, in contrast to a denial of relief, is "unrelated to the merits of any claims." *Ex parte Santana*, 227 S.W.3d 700, 703 (Tex. Crim. App. 2007). In Franklin's case, the TCCA's dismissal order stated that Franklin had not "completed a proper verification" of the form.[2]

Compliance with Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2017) (citing *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006)). A state application is

---

[2]  Rule 73.1(g)(2) requires that an application filed by a TDCJ inmate "must be verified" by "an unsworn declaration in substantially the form required in Civil Practices and Remedies Code chapter 132." TEX. R. APP. P. 73.1(g)(2). In the subsection relevant to TDCJ inmates, Chapter 132 requires that the unsworn declaration "include a jurat in substantially the following form":

> "My name is _____ (First) (Middle) (Last), my date of birth is _____, and my inmate identifying number, if any, is _____. I am presently incarcerated in _____ (Corrections unit name) in _____ (City) (County) (State) (Zip Code).
> I declare under penalty of perjury that the foregoing is true and correct.
> Executed on the _____ day of _____ (Month) (Year)
> _____
> Declarant"

TEX. CIV. PRAC. & REM. CODE § 132.001(e).

properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id*. (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). The Fifth Circuit therefore construes compliance with Rule 73.1 as "a condition to filing and not a condition to obtaining relief." *Id*. (internal quotation marks and citation omitted).

Because Franklin's habeas application was not "properly filed" under Rule 73.1, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (when a claim is presented "in a procedural context in which its merits will not be considered," the claim is not fairly presented for exhaustion purposes); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (an "improperly filed" state habeas petition does not satisfy the requirement to exhaust state court remedies). Franklin still has the opportunity to present his claims to the TCCA by re-filing his application in compliance with Rule 73.1. *See* 28 U.S.C. § 2254(c) (a habeas applicant "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented").

For the foregoing reasons, the Court finds no adequate ground to re-open these proceedings at this time. The stay imposed in the Court's previous Order (Dkt. 21) will remain in effect while Franklin pursues relief in Texas state courts on his unexhausted claims. Franklin's amended petition (Dkt. 22) will be stricken from the record. After Franklin has exhausted state remedies, he may file a motion to re-open these federal proceedings.

## IV. CONCLUSION

Franklin's amended petition (Dkt. 22) is **STRICKEN** from the record. The stay imposed by the Court on January 24, 2018, remains in effect. Franklin must file a proper state habeas application within **forty-five days** of the date of this order. **Franklin is admonished to comply with all requirements of Texas Rule of Appellate Procedure 73.1, as well as Section 132.001 of the Texas Civil Practice and Remedies Code, when re-filing his state application**. Within **thirty days** of the TCCA's decision on his application, Franklin must file a motion to re-open this federal habeas proceeding.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 14th day of May, 2018.

_____
George C. Hanks Jr.
United States District Judge