United States District Court
Southern District of Texas
**ENTERED**
July 18, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LIONEL FRANKLIN, TDCJ #01943237, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0009 |
| LORI DAVIS, | § § § § | |
| Respondent. | § | |

## **ORDER**

Petitioner Lionel Franklin, Jr., an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this case seeking a writ of habeas corpus for relief from a state court drug conviction. On January 24, 2018, after Respondent filed an Answer, the Court stayed and administratively closed the case to allow Petitioner to pursue relief in Texas state courts on his unexhausted claims (Dkt. 21). On July 10, 2018, Petitioner filed a second amended petition (Dkt. 30).

The procedural history of this case is set forth in the Court's previous Memorandum Opinion and Order, dated May 14, 2018 (Dkt. 24). On March 26, 2018, after the Court stayed these habeas proceedings to allow Franklin to exhaust his state habeas remedies, Franklin filed a habeas application in state court. However, the Texas Court of Criminal Appeals dismissed the application on April 4, 2018, because Franklin had not complied with Texas Rule of Appellate Procedure 73.1. In this Court's May 14 opinion, the Court instructed Franklin to file a proper state habeas application within forty-five days, admonishing him to comply with all requirements of Texas Rule of

Appellate Procedure 73.1, as well as Section 132.001 of the Texas Civil Practice and Remedies Code. The Court further instructed that, after complying, Franklin could file a motion to re-open this case (Dkt. 24, at 5-6).

Franklin's current filings do not indicate that he has complied with the Court's instructions, and publicly available records do not reflect that Franklin has re-filed his state application since the Court's May 14 order. Nevertheless, Franklin recently has filed three documents with the Court. First, he filed an "application for assigned writ of complex administrative order" (Dkt. 28), requesting relief that this Court previously has granted. Second, Franklin filed a letter to the Court (Dkt. 29), which appears to state his belief that he does not need to comply with the Court's instructions because he had complied previously, before the Court's Mary 14 order was entered:

> [Y]ou told me to re-file everything again which I did file[.] That's when they came up with Rule 73.1. I sent 3 indictment [sic] and a copy on all 7 cards they sent to me[.] A copy of everything they sent to me is in that writ folder with the 2254. Sir just make sure you got what I sent that all [sic] sir [be]cause they have been playing games with people[']s mail.

(Dkt. 29). Third, without filing a motion to re-open these proceedings, Franklin filed a second amended petition (Dkt. 30). The proposed amended petition continues to seek relief from his state court conviction and demonstrates no attempt by Franklin to re-file his state habeas application in compliance in a form that complies with Rule 73.1.

Franklin's filings provide no basis to re-open these habeas proceedings because they do not demonstrate that he has filed a state habeas application that complies with Rule 73.1. Petitioner again is **INSTRUCTED** that, although he previously has filed his state habeas application, he must <u>re-file</u> the application materials with the state court. His

re-filed application <u>must comply with Rule 73.1</u>. The Court repeats its previous instruction to Franklin that Rule 73.1(g)(2) requires that an application filed by a TDCJ inmate "must be verified" by "an unsworn declaration in substantially the form required in Civil Practices and Remedies Code chapter 132." TEX. R. APP. P. 73.1(g)(2). This unsworn declaration must include a "jurat" in "substantially the following form":

> "My name is _____ (First) (Middle) (Last), my date of birth is _____, and my inmate identifying number, if any, is _____. I am presently incarcerated in _____ (Corrections unit name) in _____ (City) (County) (State) (Zip Code).
>
> I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on the _____ day of _____ (Month) (Year)
>
> _____
> Declarant"

*See* Dkt. 24, at 4 n. 2 (citing TEX. R. APP. P. 73.1(a); TEX. CIV. PRAC. & REM. CODE § 132.001(e)).

Franklin must re-file his state habeas application within forty-five days of this Order. If Petitioner does not comply with this Court's instructions, the Court will re-open his case and adjudicate the claims in his federal petition. In so doing, the Court will consider the defenses raised by Respondent in her Answer (Dkt. 13), which include Respondent's argument that Franklin has failed to exhaust the remedies available to him in state habeas proceedings.

For the foregoing reasons the Court **ORDERS** as follows:

1. Petitioner's application for assigned writ of complex administrative order (Dkt. 28) is **DENIED**.

2. Franklin's second amended petition (Dkt. 30) is **STRICKEN** from the record.

3. Because Franklin's recent filings provide no basis to re-open these habeas proceedings, the stay imposed by the Court on January 24, 2018, remains in effect.

4. Franklin must file a proper state habeas application within **forty-five days** of the date of this order. <u>Franklin is admonished to comply with all requirements of Texas Rule of Appellate Procedure 73.1, as well as Section 132.001 of the Texas Civil Practice and Remedies Code, when re-filing his state application</u>. Within **thirty days** of the TCCA's decision on his application, Franklin must file a motion to re-open this federal habeas proceeding.

5. If Petitioner does not comply with these instructions, the Court will re-open his case and adjudicate the claims in his federal petition, taking into consideration Respondent's argument that some of Franklin's claims are unexhausted and procedurally defaulted.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 18th day of July, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge